Mathews, J.
delivered the opinion of the court. Two questions are raised for the consideration and determination of this court. 1, Under the circumstances of this case, is a redelivery of the note to the original payee, without any regular transfer by a new indorsement, sufficient to authorise the plaintiff to use it in the parish court as evidence of his claim against the defendant? 2. Is the evidence in the cause sufficient to authorise the judgment of the court to the full amount for which it was rendered?
I. It is insisted by the counsel of the appellant, that as the parish court is from its organisation, a court of limited jurisdiction, it cannot regularly take cognisance of cases, unless where the plaintiff brings himself within its jurisdiction, by alleging the cause of action to be such as appears to have been contemplated by the act of the legislature, which created that court and fixed the extent of its judicial powers.
II. The appellee's counsel farther shews, that security has not been given for the appeal, as the law requires, and therefore it ought to be dismissed.
*671 Before we proceed to the examination of the merits of this case, these two preliminary objections must be disposed of.
As to the jurisdiction of the court of the parish, and city of New-Orleans, it is expressed in the act of 1813, made to define the jurisdiction of that court, “that it shall consist of one judge, learned in the law, who shall have and exercise, within the limits of said parish, a jurisdiction concurrent with that of the first district, in all civil cases originating with the said parish.” According to this definition and grant of power, it might be doubted whether that court could properly take cognisance of any case unless something is alleged in the petition, by which the plaintiff shews the cause of action to have originated within the limits of the parish, a point not necessary to be settled in the present case. The contract is stated to have been made at the bayou St. John, a place known to be within the boundaries of the parish, which is in our opinion an allegation sufficiently setting forth the jurisdiction of the court, according to a fair construction of the law, allowing it to be necessary.
In relation to the security on the appeal, we are of opinion that the spirit and meaning of the law have been complied with.
Ellery for the plaintiff, Hennen, for the defendant.
We now come to the two questions which relate to the merits of the cause.
As to the first, we answer briefly that as the plaintiff founds his action on the original contract, and his fair title to the note is supported by evidence, it was properly admitted as evidence of his claim.
In relation to the second, altho’ the full amount adjudged to the plaintiff does not appear to be proven to have been received by the defendant, yet as it is shown that the schooner performed several voyages to the amount adjudged, not accounted for by the defendant, the acting partner, we do not think that the judgment of the parish court ought on that account to be disturbed.
It is therefore ordered, adjudged and decreed, that it be affirmed with costs.